[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ARTICULATION (NO. 155)
Defendants Williams and Dowd moved to cite in as additional defendant Robert Patt, husband and operator of the motor vehicle in which plaintiff Marjorie Patt was a passenger at the time of the accident which gave rise to this action. On September 3, 1991, the motion was denied and the movants seek articulation.
The motion was based on a claim that Robert Patt was a party necessary for a complete determination as settlement of the question involved in the action as allowed under General Statutes Section 52-102 (2). Movants contend that it is necessary make Robert Patt a party because of the provisions of General Statutes Section 52-572h.
A review of the complaint indicates that Robert Patt is at present technically a party plaintiff in this action.
The accident involved here occurred on or about July 30, 1987, and the statute of limitation has long expired. The pleadings in this action are closed and the case is ready for trial.
Robert Patt is at present a plaintiff in this action represented by counsel. Although the movants argue that they would not seek money damages against Mr. Patt if the motion were granted, he would have to defend the action. The result of this defense would almost certainly result in his being eliminated CT Page 8547 from this case.
The granting of the motion thus could only result in delay, confusion and expense. No practical benefit to any party could result from the granting of the motion.
It is also noted that Section 52-102 (2) does not apply to persons who are immune from liability. Although it is recognized that the statute of limitations does not make Mr. Patt immune, for all practical purposes he is.
The above constitutes the reasoning of the Court.
PURTILL, J.